UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Daniel C Bonilla | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 18-13287<br><br>Chapter: 13<br>Judge Janet S. Baer<br>Kane |
| Debtor(s) | ) | |

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF UPON DEFAULT**

THIS CAUSE coming on to be heard on the motion for stay relief filed by Fifth Third Mortgage Company (hereinafter, "Creditor") with respect to the property commonly known as 2348 Chesapeake Bay, Elgin, IL 60123, due notice having been given, the Court having jurisdiction over the parties and subject matter and having been advised that the parties have reached an agreement:

IT IS HEREBY ORDERED:

1. The parties have agreed to repay the following post-petition default pursuant to the terms of this order:
   a. Mortgage payments     (01/01/19)     1 payment @ $1,910.92 = $1,910.92
   b. Bankruptcy fees/costs                                     $1,031.00
   c. Funds in suspense                                         ($11.22)
   Total to be repaid through this order                        $2,930.70

2. That Creditor must receive the following payments by the corresponding dates:
   a. $488.45 plus the February, 2019 post-petition mortgage payment on or before the last day of that month;
   b. $488.45 plus the March, 2019 post-petition mortgage payment on or before the last day of that month;
   c. $488.45 plus the April, 2019 post-petition mortgage payment on or before the last day of that month;
   d. $488.45 plus the May, 2019 post-petition mortgage payment on or before the last day of that month;
   e. $488.45 plus the June, 2019 post-petition mortgage payment on or before the last day of that month;
   f. $488.45 plus the July, 2019 post-petition mortgage payment on or before the last day of that month;

3. That Creditor must receive the payments listed in Paragraph #2 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

4. That upon completion of the repayment schedule of paragraph #2 or tender of funds to bring the loan post-petition current under paragraph #3, the Debtor must continue to make "timely" post-petition mortgage payments directly to Creditor continuing monthly thereafter for the pendency of the bankruptcy;

5. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the 15th day of the month in which it is due and a late charge is due on all payments received after the 15th day of the month (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

6. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

7. Creditor's post-petition bankruptcy fees and costs of $1,031.00 are allowed and may be added to the indebtedness secured by the subject mortgage. These fees and costs have been included in the repayment schedule described herein. Creditor will file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for any fees, expenses and charges included in this Order;

8. In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, Creditor may include up to $100.00 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

9. In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

AGREED:     /s/ Michelle Mandroiu          /s/ Peter C. Bastianen
            Attorney for Debtor            Attorney for Creditor

                                    Enter:  /s/ Janet S. Baer
                                            Judge Janet S. Baer
Dated:  FEB - 8 2019                        United States Bankruptcy Judge

**Prepared by:**

Peter C. Bastianen  ARDC#6244346
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
C&A FILE(14-18-05456)

Rev: 201100318_bko